UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CASE NO.:

FILED
U.S. DISTRICT COURT
2012 APR 27  AM 10: 04

| | |
|---|---|
| TODD A FISHLIN, | 12 CV 3352 |
| Plaintiff, | **COMPLAINT** |
| v. | **JUDGE RAMOS** |
| RETRIEVAL MASTERS CREDITORS BUREAU, INC., d/b/a RMCB | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff, by and through his attorney, Abel L. Pierre, Esq., as and for his complaint against the Defendant RETRIEVAL MASTERS CREDITORS BUREAU, INC. d/b/a RMCB alleges as follows:

## I. INTRODUCTION

1.    This is an action for damages brought by an individual consumer for Defendant's violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2.  This Court has jurisdiction pursuant to 15 U.S.C. § 1692k ("FDCPA") and 28 U.S.C. § 1331.  Venue is proper in this district pursuant to 28 U.S.C. § 1391b as the acts and transactions that give rise to this action occurred in substantial part in this district.

## III. ALLEGATIONS AS TO PARTIES

3.  Plaintiff, Todd A Fishlin, ("Mr. Fishlin") is a natural person residing in Westchester County, New York.

1

1. Upon information and belief Defendant Retrieval Masters Creditors Bureau, Inc. d/b/a RMCB (hereinafter "RMCB") is a collection agency with a corporate business address of 4 Westchester Plaza, Suite 110, Elmsford, New York 10523 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

4. Upon information and belief Defendant RMCB is a debt collector as defined pursuant to FDCPA 15 U.S.C. § 1692a(6), doing substantial and material business in Westchester County, New York.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another.

6. Mr. Fishlin is a "consumer" as said term is defined under the FDCPA, 15 U.S.C. § 1692a(3).

7. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from Plaintiff.

8. Defendant is subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

### IV. FACTUAL ALLEGATIONS

9. Plaintiff adopts and realleges the foregoing.

10. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. Sometime prior to Defendant's commencement of collection activity, Plaintiff incurred a debt in regards to a Verizon Wireless account.

12. Said account and services were long discontinued by Plaintiff on or about sometime in the year 2006.

13. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

14. Pursuant to 47 U.S.C. § 415, the statute of limitations for a cellular phone account is 2 years.

15. On or about April 9, 2012, Defendant sent or caused to be sent to Mr. Fishlin, written correspondence, more commonly known in the collection industry as a "dunning letter," for the purpose of collecting monies purportedly owed by Plaintiff ("Collection Communication").  A true and correct copy of the Collection Communication is attached hereto and incorporated by reference as Exhibit "A".

16. Plaintiff received said letter.

17. Defendant has purposefully continued to engage in collection activity, even though the statue of limitations to collect on this particular account has long since expired.

18. Defendant also made false threats and allegations insomuch as their letter stated that *"your account has been reported to a national credit bureau. This action could impede your ability to obtain credit while your account is listed at the credit bureau."*

19. This collection attempt was a communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(8) 1692e(10), 1692f, 1692f(1), amongst others.

20. By attempting to collect this debt, Defendant utilized false and deceptive means to coerce Plaintiff into paying the debt that is past the statutes of limitation.

21. Defendant knew or should have known at the time it made these allegations, that such allegations were false and deceptive.

## V. PRACTICES OF DEFENDANT

22. It is or was the policy and practice of Defendant to send collection letters which reasonably and calculatedly confuse and frustrate consumers with respect to continuation of collection efforts which is not permitted by law under 15 U.S.C. § 1692f(1).

23. Said communication violates the consumers rights in that it and assumes the validity of the debt.

24. That said letters alone are or together contain language demonstrating false statements and deceptive representations, which contradicts the consumer's rights.

25. That the Defendant intentionally and knowingly and/or carelessly and recklessly causes these false, misleading and threatening letters on a mass scale by computer generated system for sole purpose of harassing consumers and coercing payment and collecting debts which it knows or should know that the consumers do not owe.

26. Defendant's conduct violates 15 U.S.C. § 1692 et seq., including but not limited to subsections (d), (e) and (f) in the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his legal rights as required by law.

27. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendant is liable to the Plaintiff and all members similarly situated for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to

4

15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## VI. ALLEGATIONS OF LAW

28. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following: (d), (e), (f) and (g).

    i. Defendant violated 15 U.S.C. § 1692(d) by harassing the consumer;

    ii. Defendant violated 15 U.S.C. § 1692(e) by utilizing false, deceptive and misleading representation in an attempt to collect a debt and threatening to communicate false credit information;

    iii. Defendant violated 15 U.S.C. § 1692(f) by employing unfair tactics in attempt to collect a debt and attempting to collect a debt which is not permitted by law;

29. To the extent that the Defendant RMCB attempted to collect a debt from Plaintiff even though Defendant knew or should have known that Plaintiff did not owe the underlying debt such messages also violated New York State Statutes prohibiting Deceptive Acts and Practices. *See* New York State Code Article 22-A. § 349.

## COUNT I

### Violation Of § 1692f(1)
### Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law

30. Plaintiff adopts and realleges the foregoing.

31. Section 1692f(1) of the FDCPA prohibits, collectors from collecting on a debt that is not authorized by an agreement creating the debt or permitted by law, see, 15 U.S.C. § 1692f(1).

32. Defendant RMCB's April 9, 2012 form collection letter (Exhibit A), was a continuation of collection activity not permitted by law, because the legal time limit for filing a lawsuit to collect this debt has ran out.  Thus, Defendant's letter (Exhibit A) violates § 1692f(1) of the FDCPA.

33. Defendant's violation of § 1692f(1) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. 1692k.

## COUNT II

### Violation of §1692d of the FDCPA – Any conduct that the natural consequence of which is to harass, oppress, or abuse any person

34. Plaintiff adopts and realleges the foregoing.

35. Section 1692d of the FDCPA prohibits a debt collector from utilizing any conduct with the natural consequence of which is to harass, oppress, or abuse any person. See, 15 U.S.C. § 1692d.

36. Defendant's violation of § 1692d of the FDCPA, include, but are not limited to, continuing with collection efforts after the statute of limitations has expired.

37. Defendant's April 9, 2012 letter also clearly states that, *"This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector."*

38. Defendant's violation of § 1692d of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III

### Violation of § 1692e – Any other false, deceptive, or misleading representation or means in connection with the debt collection

39. Plaintiff adopts and realleges the foregoing.

6

40. Section 1692e of the FDCPA prohibits a debt collector from utilizing any other false, deceptive or misleading representation or means in connection with the debt collection See, 15 U.S.C. § 1692e.

41. Defendant's violation of § 1692e of the FDCPA, include, but are not limited to, continuing with collection efforts after the statute of limitations has expired.

42. Defendant's April 9, 2012 letter also clearly states that, *"This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector."*

43. Defendant's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT IV

## Violation of § 1692e(8) – Threatens or communicates false credit information

44. Plaintiff adopts and realleges the foregoing.

45. Section 1692e(8) of the FDCPA prohibits a debt collector threatening or communicating false credit information. See, 15 U.S.C. § 1692e(8).

46. Defendant's April 9, 2012 letter clearly states, *"Your account has been reported to a national credit bureau. This action could impede your ability to obtain credit while your account is listed at the credit bureau."*

47. Defendant clearly stated that it has communicated false credit information.

48. Defendant's violation of § 1692e(8) of the FDCPA, include, but are not limited to, communicating false credit information to a credit bureau.

49. Defendant's violation of § 1692e(8) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

7

## COUNT V

### Violation of § 1692e(10) – Any false representation or deceptive means to collect a debt or obtain information about a consumer

50. Plaintiff adopts and realleges the foregoing.

51. Section 1692e(10) of the FDCPA prohibits a debt collector from utilizing any false representation or deceptive means to collect a debt or obtain information about a consumer. See, 15 U.S.C. § 1692e(10).

52. Defendant's violation of § 1692e(10) of the FDCPA, include, but are not limited to, continuing with collection efforts after the statute of limitation has expired.

53. Defendant's continued collection activity even after the time limit to file a lawsuit to collect on this debt has long since passed was a blatant false representation and deceptive means to collect this alleged debt from Plaintiff.

54. Defendant's violation of § 1692e(10) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT VI

### Violation of § 1692f of The FDCPA – Any unfair or unconscionable means to collect or attempt to collect the alleged debt

55. Plaintiff adopts and realleges the foregoing.

56. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect the alleged debt. See, 15 U.S.C. § 1692f.

57. Defendant's violation of § 1692f of the FDCPA, include, but are not limited to, continuing with collection efforts after the statutes of limitation has expired.

58. Defendant's April 9, 2012 letter also clearly states that, *"This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector."*

59. Defendant's violation of § 1692f of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

### <u>COUNT VII</u>

### <u>Violations of the New York General Business Law § 349</u>

60. Plaintiff adopts and realleges the foregoing.

61. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

62. GBL § 349 provides in relevant part as follows:

> *a. Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.*

> *h. In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.*

63. It is the regular business practice of Defendant RMCB to harass consumers in an abusive manner as a means to pressure the alleged debtor.   Defendant has engaged in such a deceptive practice aimed at other New York consumers. Defendant RMCB's actions have a broad impact on New York consumers at large.

9

64. Defendant's April 9, 2012 letter also clearly states that, *"This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector."*

65. Defendant's April 9, 2012 form collection letter (Exhibit A), was a continuation of collection activity after the expiration of the statute of limitations and thus not permitted by law. Defendant RMCB's letter was a deceptive practice on behalf of the Defendant, thus Defendant's letter (Exhibit A) violates NY GBL § 349.

## **PRAYER FOR RELIEF**

Plaintiff, Todd A Fishlin prays that this Court:

1.  Declare that Defendant violated the FDCPA;

2.  Declare that Defendant violated the NY GBL;

3.  Enter judgment in favor of Plaintiff Fishlin and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA and,

4.  Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Todd A Fishlin, demands trial by jury.

Respectfully submitted,

Dated: April 25, 2012

**LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.**

Attorney I.D.#AP-5508
40 Exchange Place, Suite 2010
New York, New York
Telephone:  (212) 766-3323
Facsimile:  (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**

# EXHIBIT A



**RMCB**
retrieval-masters creditors bureau, inc.



NATIONAL
COLLECTION AGENC

4 Westchester Plaza Suite 110, Elmsford, NY 10523



006884 0101

04 D4P PL6 054 MD111784
TODD A FISHLIN
76 PARK DR
MOUNT KISCO, NY 10549-1123

Pin Number:  31103542181
1-800-365-3638
1-914-345-7136

April 09, 2012

Re: Your Wireless Number 917-692-8743

Dear Todd A Fishlin:

We have written to you repeatedly concerning your **Verizon Wireless account** in the amount of **$117.16** that has been on the books of our client, **Pinnacle Credit Services** for many months and has gone unpaid.  You have neither paid the bill nor written to dispute the validity of the debt.

As a result, our client has authorized this agency to make an **IMMEDIATE DEMAND** for payment in full. If said payment is not made within twenty-one (21) days, additional collection procedures will be pursued.

Your account has been reported to a national credit bureau. This action could impede your ability to obtain credit while your account is listed at the credit bureau.

Your account will reflect payment at the credit bureau, if you send payment now.  Enclose the bottom portion of this letter so your account can be properly credited.



000008623 A

1794-AMCA-116054-35087847-P; 175014-1-1884; 32158747-1; 1

See reverse side for important information.

Detach and return this portion with payment using enclosed envelop

## Amount Due:     $117.16

To pay online: www.pay.retrievalmasters.com
VISA    MASTERCARD    DISCOVER

You Owe:     **Pinnacle Credit Services**

Exp. Date:

Signature:

Charge Date:     **July 22, 2009**

(A service fee of $4.95 may apply.)

Account Number:     **MD111784**

Client Code: PL6         Account:  MD111784

Pin Number:     **31103542181**

Name:     Todd A Fishlin
Street Address:     76 Park Dr
City, State Zip:     Mount Kisco, NY 110549

D4P PL6 054

RMCB
PO BOX 1235
ELMSFORD, NY 10523-0935

PL6117L6MD111784++++++5